IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>KURT D. HECKENLIABLE,<br><br>      Defendant. | 4:14CR3082<br><br>DETENTION ORDER |

  The defendant is charged with a felony involving possession or use of a firearm, destructive device, or other dangerous weapon  On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f).  The court concludes the defendant must be detained pending trial.

  There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a felony involving possession or use of a firearm, destructive device, or other dangerous weapon in a drug trafficking crime or a crime of violence as defined in 18 U.S.C. § 3156(a)(4).  The defendant has not rebutted this presumption.

  Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public

  Specifically, the court finds that the defendant has a criminal record which indicates a propensity to violate the law and orders of the court;  has a propensity to harm or threaten harm to others;  has a substance abuse addiction or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released; violated the terms of pretrial release for this case by leaving treatment without notice or permission and without thereafter presenting himself to law enforcement or the court; waived the right to a detention hearing; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

<u>Directions Regarding Detention</u>

  The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

  September 11, 2014.           BY THE COURT:
                            *s/ Cheryl R. Zwart*
                            United States Magistrate Judge